# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL W. HAMBLIN, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:23-cv-00783 |
| GENERAL REVENUE CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW comes MICHAEL W. HAMBLIN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GENERAL REVENUE CORPORATION ("GRC" or "Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Ohio, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

### PARTIES

1

4. Plaintiff is a natural person over 18 years-of-age residing in Amelia, Ohio which falls within the Southern District of Ohio.

5. GRC is a debt collector with its headquarters located at 4660 Duke Dr., Suite 300, Mason, Ohio 45040-8466. GRC regularly conducts business with consumers in Ohio, and GRC also uses mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Ohio. GRC is a furnisher of credit information to the major credit reporting agencies, including TransUnion.

**FACTS SUPPORTING CAUSE OF ACTION**

6. In approximately January of 2023, Plaintiff initiated a lawsuit against Defendant for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), captioned *Hamblin v. General Revenue Corporation,* Case No. 1:23-cv-000021-TSB (S.D. Ohio 2023) ("underlying litigation"), in connection with Defendant's efforts to collect a consumer debt ("subject debt") from Plaintiff, with such efforts including reporting the subject debt on Plaintiff's credit.

7. In approximately May of 2023, Plaintiff amicably resolved his claims with Defendant, in connection with which Defendant was to have the subject debt removed from Plaintiff's credit reports.

8. However, in approximately July of 2023, as Plaintiff sought out additional credit opportunities, he noticed the subject debt was still appearing on his TransUnion credit report.

9. Plaintiff was perplexed by this reporting given the nature of the underlying litigation and settlement reached in connection therewith.

10. Consequently, on or about August 4, 2023, Plaintiff initiated written credit disputes with TransUnion; specifically, Plaintiff notified TransUnion of the inaccurate reporting of the subject

debt and that the debt should not be reporting on his credit given the nature of the agreement reached in connection with the underlying litigation.

11. Upon information and belief, Defendant received notice of Plaintiff's disputes within five days of Plaintiff initiating the dispute with TransUnion. *See* 15 U.S.C. § 1681i(a)(2).

12. TransUnion and Defendant failed to reasonably investigate or respond to Plaintiff's dispute as required by the FCRA. Specifically, TransUnion verified the account as being reporting accurately despite being provided clear information that the subject debt was being reported inaccurately.

13. Rather than conduct a reasonable investigation into Plaintiff's dispute, Defendant and TransUnion simply continued to report the inaccurate trade line.

14. As such, despite having actual knowledge that the subject debt was inaccurately reported on Plaintiff's credit report, Defendant continued to report and allow the subject debt to be reported on Plaintiff's credit report in an inaccurate manner until the present.

15. The continued reporting of the GRC trade line is patently inaccurate and materially misleading as the subject debt was to no longer be appearing on Plaintiff's credit report.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

16. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and thus a high-risk consumer.

17. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

18. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, denial of the benefit of his bargain, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

19. Due to the conduct of Defendant, Plaintiff was forced to retain counsel, yet again, to correct the inaccuracies in his TransUnion credit file.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

22. GRC is a "person" as defined by 15 U.S.C. §1681a(b).

23. GRC is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

24. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

25. GRC violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Plaintiff.

26. GRC violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

27. Had GRC reviewed the information provided by Plaintiff, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to TransUnion. Instead, GRC wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

28. GRC violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with TransUnion.

29. GRC violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

30. GRC violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's TransUnion credit files.

31. GRC failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's TransUnion credit files within 30 days of receiving notice of the disputes from TransUnion under 15 U.S.C. §1681i(a)(1).

32. Despite the blatantly obvious errors in Plaintiff's TransUnion credit files, which Plaintiff had previously addressed through litigation, and Plaintiff's efforts to correct the errors, GRC did not correct the errors or trade line to report accurately. Instead, GRC wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

33. A reasonable investigation by GRC would have confirmed the veracity of Plaintiff's dispute, especially given the previous litigation, yet the inaccurate information remains in Plaintiff's TransUnion credit files.

34. Had GRC taken steps to investigate Plaintiff's valid disputes or TransUnion's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

35. By deviating from the standards established by the debt collection industry and the FCRA, GRC acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

WHEREFORE, Plaintiff, MICHAEL W. HAMBLIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing GRC to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: November 29, 2023                                         Respectfully submitted,

s/ Chad W. Eisenback
Chad W. Eisenback
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (312) 313-1613
Facsimile: (630) 575-8188
ceisenback@sulaimanlaw.com